UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JALEN MICHAEL BYRUM,                     )
                                         )
                   Plaintiff,            )
                                         )
              v.                         )   No. 2:25-cv-00467-JPH-MJD
                                         )
TORI SWITZER,                            )
DEREK FELL,                              )
VIGO CO. SHERIFF'S DEPARTMENT,           )
                                         )
                   Defendants.           )

**ORDER SCREENING AND DISMISSING COMPLAINT
AND DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Jalen Byrum is a prisoner currently incarcerated at Indiana State Prison.[1] He filed this civil action alleging he was improperly placed in disciplinary segregation while a pretrial detainee at the Vigo County Jail ("the Jail"). Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

---

[1] Mr. Byrum has not updated his address with the Court. After a recent mailing to him was returned to sender, the Court was able to determine from the Indiana Department of Correction's website that Mr. Byrum is now at Indiana State Prison, after being convicted of murder in Vigo County in November 2025, with an earliest possible release date in 2056. *See* https://offenderlocator.idoc.in.gov/idoc-ofs-1.0.2/ofs (last visited April 8, 2026). The Court will direct the clerk to update the docket accordingly. However, Mr. Byrum is reminded of his obligation to inform the Court of any change of address. *See* dkt. 4.

1

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Byrum's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Vigo County Sheriff Derek Fell; (2) Jail Officer Tori Switzer; and (3) the Vigo County Sheriff's Department. Mr. Byrum seeks damages, an apology, and for his conduct report to be overturned.

In December 2024, Mr. Byrum was a Jail inmate. It is not entirely clear from the complaint, but it appears that Mr. Byrum was a pretrial detainee at that time, as he has now been transferred to the custody of the Indiana Department of Correction following a Vigo County conviction. On December 24, non-defendant Jail Officer Richardson informed Mr. Byrum of a conduct report that had been written by Officer Switzer. The report alleged that Mr. Byrum had

2

lodged a false Prison Rape Elimination Act (PREA) report against another inmate earlier that month.

On December 28, 2024, Officer Richardson held a hearing on the conduct report. Mr. Byrum pleaded his case and stated his version of the facts. He asked if Officer Richardson had reviewed camera footage. Officer Richardson said he could not review the camera footage. Officer Richardson also told Mr. Byrum that "he has to do what Defendant Switzer and Administration of the Jail told him to do." Dkt. 1 at 3. Officer Richardson found Mr. Byrum guilty of the conduct report and sanctioned him with 100 days in segregation.[2]

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

At the outset, the Court acknowledges that unlike a convicted prisoner, a pretrial detainee is entitled to due process under the Fourteenth Amendment before being placed in segregation by jail officials for punitive reasons, regardless of whether the conditions of segregation created a "severe and atypical" hardship as compared to ordinary jail conditions. *See, e.g., Johnson v. Murray*, No. 23-1805, 2024 WL 208152, at *1 (7th Cir. Jan. 19, 2024) (reversing district court screening dismissal of jail detainee's lawsuit claiming due process violation before 10-day placement in segregation for alleged rule violation because district

---

[2] Mr. Byrum previously filed a lawsuit that was focused on Officer Switzer's failure to conduct a full investigation into his PREA complaint. *Byrum v. Switzer*, No. 2:25-cv-00023-MPB-MG. That action was dismissed for failure to state a claim.

court "mistakenly applied the atypical-hardship standard for convicted prisoners to a pretrial detainee"); *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999). The process due to a detainee in such a situation requires at a minimum notice, an opportunity to be heard and present evidence, an impartial decisionmaker, a written explanation for a decision, and the existence of at least "some evidence" for a decision. *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). However, the filing of a false conduct report does not by itself violate due process, so long as a detainee receives due process in a disciplinary proceeding based on the report. *See id.* at 624-25.

Here, to the extent Mr. Byrum wishes to sue Sheriff Fell in his individual capacity, individual liability under 42 U.S.C. § 1983 requires personal involvement in and responsibility for a constitutional violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). There are no allegations of Sheriff Fell being directly involved in Mr. Byrum's disciplinary proceedings. Therefore, any individual capacity claims against Sheriff Fell **are dismissed**.

Next, if Mr. Byrum intended to sue Sheriff Fell in his official capacity, it would be duplicative of the claim against the Vigo County Sheriff's Department. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) to claim against Sheriff's Department)). To state a *Monell* claim, the plaintiff must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "acts through its written policies, widespread practices or customs, and the acts of a final decisionmaker."

4

*Id.* There are insufficient allegations here that the one-time placement of Mr. Byrum in segregation was the result of a policy, practice, or custom of the Vigo County Sheriff's Department. *See Taylor v. Hughes*, 26 F.4th 419, 435 (7th Cir. 2022) (holding that in the absence of an express policy that caused a constitutional deprivation, a plaintiff generally must show a "prior pattern of similar constitutional violations" to state a *Monell* claim). Any official capacity claims against Sheriff Fell, and any claims against the Sheriff's Department itself, **are dismissed**.

Finally, Mr. Byrum alleges that Officer Switzer investigated his PREA complaint and determined that it was false. As noted above, the mere fact that Officer Switzer may have written a false conduct report does not state a constitutional claim. And, to the extent Mr. Byrum is claiming that his due process rights were violated during the ensuing disciplinary proceedings, it was Officer Richardson who conducted those proceedings, not Officer Switzer. In other words, Officer Switzer did not have sufficient personal involvement in or responsibility for the disciplinary proceedings. Any claims against Officer Switzer **are dismissed**.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where

amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through May 8, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from using the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 2:25-cv-00467-JPH-MJD, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847

F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

The **clerk is directed** to update Mr. Byrum's address on the docket as indicated in the distribution field below.

**SO ORDERED.**

Date: 4/13/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JALEN MICHAEL BYRUM
280687
INDIANA STATE PRISON
Inmate Mail/Parcels
1 Park Row
Michigan City, IN 46360